UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                         :

KAYVAN KAROON and                           :     Case No. 1:15-cv-04643-JPO
KAMRAN KAROON, individually              :
and as Administrators of the Estate            :
Of MAJID KAROON, and                        :
MAHIN D. KAROON,                          :
                                                      :     **DECLARATION**
                          Plaintiffs,     :     **OF**
                                                          :     **GERHARD R. HOLZHACKER**
         - against -                        :

CREDIT SUISSE GROUP AG and             :
CREDIT SUISSE AG,                           :
                                                      :
                       Defendants.    :
                                                      :
------------------------------------------------------------X

**GERHARD R. HOLZHACKER,** pursuant to 28 U.S.C. § 1746, declares:

1.     I am a member of the Liechtenstein bar and authorized to practice law in Liechtenstein. A copy of my curriculum vitae is attached as Exhibit A. From time to time I have provided legal advice and representation to different companies of the Credit Suisse Group.

2.     I submit this declaration to describe certain aspects of the law and practice respecting foundations serving private interests, also known as family foundations (hereafter, "foundations") in Liechtenstein.

3.     I am practicing law since 1980. Over the course of my legal career, I have worked extensively in the area of foundation law, both as an advisor to those constituting and administrating foundations as well as an advocate involved in disputes.

4.     Liechtenstein Law on Foundations was first set out in the Art.552-570 PGR (Law on Person and Companies) enacted by LGBl (Law Gazette) 1926/4, becoming

effective on February 19, 1926. Apart from minor amendments, this law remained in place until enactment of a new Law on Foundations, LGBl 2008/220, effective on April 1, 2009 (the "New Law"). The New Law is set forth in the Art.552 §§ 1-41 PGR. Foundations constituted prior to the enactment of the New Law in principal remain subject to the old. However, the transitional regulation provides that numerous issues are governed by the new law (Sec.II Art.1 par.1 and 4 LGBl 2008/220).

     5.     Family foundations are often used for the purposes of estate planning. Once a foundation had been constituted and the settlor has endowed assets to it, the same are held by the foundation as a distinct legal entity in its own name.

     6.     These assets have to be used to pursue the foundation's stated purpose. A typical purpose of a pure family foundation, such as the one reflected in the documents attached to the complaint, is to provide benefits to specified members of one or more families, as more precisely described in the foundation's statutes and by-laws (Art.553 par.2 PGR).

     7.     According to the old law a foundation is automatically dissolved when it had no longer any assets. In other words, once a foundation distributed all of its assets it found itself in the stage of liquidation (Art.568 PGR).

     8.     Foundations are constituted upon the execution of the appropriate organizational documents. These include statutes and by-laws. Unlike, for example, corporations, Liechtenstein Law on Foundations did not and does not require a foundation to register with Liechtenstein's Commercial Registry. The old law did require foundations to deposit the statutes with the Commercial Registry (Art.554 PGR). However, the failure to deposit the statutes did not affect the foundation's legal existence (Art.557 par.2 PGR).

     9.     As the Liechtenstein Law on Foundation did or does not require that a family foundation register with the Commercial Registry, the details of such a foundation remain

secret and are not accessible to third parties [e contrario: Art.6 par.1 HRV (Regulation on the Commercial Registry) as by LGBl 2003/66; Art.91a HRV as inserted by LGBl 2006/53].

10. Those involved in the operation of a foundation are permitted to disclose details on the foundation only to those persons authorized by law. These are the directors due to their capacity as managing and representative body of the foundation and, more important, as far as their rights are concerned, those deemed to be the beneficiaries of the foundation.

11. Foundations require a minimum capitalization of CHF 30,000 in cash or kind. Under the new Law on Foundations this amount can also be substituted by USD 30'000 or EUR 30'000 (Art.552 § 13 par.1 PGR).

12. The day-to-day administration of a foundation as well as its representation versus third parties is vested with the director(s) of a foundation, who form in their totality the foundation's governing board or "council". Their authority is circumscribed by organizational documents and Liechtenstein law (Art.561 PGR).

13. A typical family foundation is organized in a way that the settlor, also called "founder", is its first, quite often sole beneficiary during his life. To this end, it is commonplace to designate the same as sole beneficiary of the foundation during his life; and to permit the foundation to disburse the entire corpus of the foundation to that initial, first beneficiary.

14. A typical family foundation also designates successor beneficiaries, i.e., persons who qualify to receive certain benefits if the foundation still has assets at the time of death of the first beneficiary.

15. It was and remains common practice for a foundation's organizational documents not to provide for the appointment of the first and successor beneficiaries to act as directors. In relation to the successor beneficiaries, there are two reasons for this practice. First,

3

if successor beneficiaries become directors, they could control the foundation, which could lead to a deviation from the intentions of the settlor, then deceased. Second, a successor beneficiary's membership on the council could increase the risk of tax exposure as it gives a hint that there must exist a close relationship between said person and the foundation's assets.

16.     I have read the complaint filed in this action. I understand that plaintiffs allege that in 1989 Bank Leu arranged for the constitution of a Liechtenstein foundation at the request of their customer, Mr. Majid Karoon. In terms introduced above, Mr. Karoon would be the "settlor" of this foundation.

17.     I understand that plaintiffs describe complaint Exhibit F as the by-laws of the foundation in dispute. Exhibit F, at paragraph second of section I, allows for the distribution of the entirety of that foundation's assets to Mr. Majid Karoon, during his life. This document identifies Majid Karoon as the "sole" and "first" beneficiary. As noted above, it was and remains quite common for family foundations to designate the settlor/founder as the initial beneficiary and to allow for distribution of the entirety of the foundation's assets to that initial beneficiary.

18.     I understand that plaintiffs describe Exhibit D of the complaint as the statutes of the foundation in dispute. Paragraph second of Art.5 prohibits the directors from providing information to successor beneficiaries within the meaning of Art.932a § 68 PGR. This rule referred to by Art.552 par.4 PGR under the old Law on Foundations allowed restricting the legal claim to information otherwise given to beneficiaries with a legal entitlement by means of the statutes adopted.[1]

---

[1] For the sake of completeness I note that the question of a successor beneficiary's right to information would be determined according to the New Law (Art.552 §§ 9 to 12 PGR) if the foundation in dispute was in existence on April 1, 2009, when the New Law became effective. This new rule provides that beneficiaries without a legal entitlement, that is beneficiaries who are not entitled to funds, may be entitled to information. Under those circumstances, a Liechtenstein court might conclude that the restriction shown in the second paragraph of Art.5 of the statutes at complaint Exhibit D has therefore become obsolete.

19. In light of the provisions of Exhibit D, disclosure of information to successor beneficiaries concerning said foundation could violate Liechtenstein law. In case the beneficiaries disagree they could file a claim to information in the Liechtenstein courts which have then to adjudicate on the same according to the procedural rules set forth in the Law on Non-contentious Proceedings.

20. I understand that plaintiffs describe Exhibit E as a mandatory agreement – denominated as 'mandate agreement' – relating to the foundation in dispute. The mandatory agreement establishes independent from the legal structure of the foundation a contractual relationship between the mandatory, Mr. Majid Karoon, and the mandatary, Mr. Herbert Batliner, who was obviously – at least initially – one of the directors of the foundation. By doing so contractual rights and obligations had been established which are typically not part of the Law on Foundations itself. The mandatory agreement – as far as available to me – focuses on the fact that the mandatary is bound to act on the instructions given by the mandatory. By virtue of such a mandatory agreement the otherwise given discretion of the director is substantially curtailed.

I declare under penalties of perjury of the laws of the United States that the foregoing is true and correct.

Dated: Vaduz, Liechtenstein
August 12, 2015

_____
GERHARD R. HOLZHACKER

5

**Professional Curriculum Vitae of**

**Dr. Gerhard R. Holzhacker, M.B.L.-HSG**
Attorney at Law and licensed Trustee

Born in Vienna/Austria 1956, living in Liechtenstein since 1986.

Professional training and education:
- Studying of law at the University of Vienna from 1976 to 1980 terminated with the graduation as Dr.iur.;
- Trainee at courts in Innsbruck and Vienna from 1980 to 1981;
- Practicing law in law firms in Vienna from 1981 to 1985 and since 1986 in Vaduz;
- Passing of the Austrian bar examination 1984. Since then active as attorney;
- Participant of the Leyden – Amsterdam – Columbia Summer Programme in American Law, Amsterdam Session 1985;
- Passing of the Liechtenstein bar examination under the rules for EEA (European Economic Area) 1996, admitted to the Liechtenstein bar 1996;
- Executive post-graduate studies of European and International Business Law at the University of St. Gallen/Switzerland 1999 to 2000 terminated with the graduation as M.B.L.-HSG;
- Since 2004 also active as licensed trustee.

Current position:
- Principal of the ´Lawfirm Holzhacker´ and the trust company ´HOST Trust reg.´ at the address Josef Rheinberger Str. 11, FL-9490 Vaduz/Liechtenstein.

Main areas of practice:
- Civil litigation;
- White collar crime;
- Corporate law, law on foundations and trusts;
- Law on inheritance;
- Constitution and administration of companies and trusts;
- European business law;
- Taxation.

Vaduz, on August 12, 2015

_____
Gerhard R. Holzhacker