UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
KAYVAN KAROON and                                            :   Case No. 1:15-cv-04643-JPO
KAMRAN KAROON, individually                                  :
and as Administrators of the Estate                          :
Of MAJID KAROON, and                                         :
MAHIN D. KAROON,                                             :
                                                             :
                              Plaintiffs,                    :   **SECOND DECLARATION**
                                                             :   **OF**
                                                             :   **GERHARD R. HOLZHACKER**
           - against -                                       :
                                                             :
                                                             :
CREDIT SUISSE GROUP AG and                                   :
CREDIT SUISSE AG,                                            :
                                                             :
                              Defendants.                    :
                                                             :
-------------------------------------------------------------X

**GERHARD R. HOLZHACKER,** pursuant to 28 U.S.C. § 1746, declares:

1. I am a member of the Liechtenstein bar and authorized to practice law in Liechtenstein. I respectfully refer the Court to my first Declaration, dated August 12, 2015 for a description of my background and for a copy of my curriculum vitae.

2. I have read plaintiffs' complaint, plaintiffs' Brief in Opposition to Motion to Dismiss, and the Affidavit of Kayvan Karoon sworn to on 21st September, 2015. In particular I have reviewed the document that plaintiffs describe as the by-laws of the family foundation in dispute, Complaint Exhibit F, and that foundation's statutes, Complaint Exhibit D.

3. I have been asked to comment on a number of assertions made by plaintiffs:

   a. The by-laws of the foundation in dispute were unalterable.

      b. The intent of the foundation's settlor/grantor, Majid Karoon, was to establish a foundation that upon his death would distribute to the plaintiffs all funds he had previously contributed.

4. As explained below, a Liechtenstein court would reject these assertions.

A. <u>The By-Laws Were Not Unalterable</u>

5. As mentioned in my first Declaration, Liechtenstein law affecting private foundations has substantially changed since 1989. Both new and old law, however, expressly authorize changes to a foundation's organizational documents, including by-laws and statutes, if so provided in those documents (Art.566 par.2 PGR(Law on Persons and Companies)(the old law); Art.552 §§ 31 par.2 and 32 PGR(the new law)) (Supreme Court on March 6, 2008 in LES 2008, 279). The documents that plaintiffs exhibit make clear that changes are permitted.

6. The preamble of the by-laws, Complaint Exhibit F, provide that they become "unalterable after the death of the first beneficiary," Mahid Karoon. A Liechtenstein court would deem these by-laws to authorize revisions at any time before Majid Karoon's death.

7. Similarly, Art.8 of the statutes, Complaint Exhibit D, provides: "The Foundation Council is entitled to modify at any time, as a whole or in part, the Statutes of the Foundation. It is also entitled to dissolve the Foundation at any time. The Council shall decide upon the way of distribution of the Foundation's assets according to the provisions of the By-Laws." The term statutes includes the by-laws as Art.110 par.2 PGR rules that also by-laws fall within the broad of the term statutes (Supreme Court on November 5, 2009 in LES 2010,144). A Liechtenstein court would deem this provision as further evidence of the ability to change foundation documents at any time before Majid Karoon's death.

B. <u>A Liechtenstein Court Would Reject Plaintiffs' Claim That Majid Karoon Intended That Foundation Distribute All Of His Contributions To The Plaintiffs</u>

8. In assessing legal documents subject to Liechtenstein law, Liechtenstein courts will seek to determine the parties' intent. In the case of documents establishing a bi- or multilateral commercial relationship such as a contract, Liechtenstein courts seek to determine the intent of all parties. In the case of a unilateral declaration, such as a will, the courts seek to determine the intent of the single party, e.g., the testator.

9. Liechtenstein law deems the establishment of a family foundation to be a unilateral declaration for which the settlor/grantor's intent is paramount (Supreme Court on December 6, 2001 in LES 2002, 41).

10. The question of a settlor/grantor's intent is in principal open to judicial interpretation (Supreme Court on March 6, 2008 in LES 2008,279 and on September 7, 2012 in LES 2012, 209).

11. When required to interpret a settlor/grantor's intent, a court will start its effort with considering the organizational documents, e.g., the statutes and by-laws.

12. When required to interpret a settlor/grantor's intent, a Liechtenstein court will not prohibit a party from submitting extraneous evidence to prove intent. Liechtenstein courts, however, will disregard that evidence if the language of the organizational document itself is not ambiguous on the relevant point (Supreme Court on September 7, 2012 in LES 2012, 209).

13. Accordingly, a party seeking to prove the settler/grantor's intent may submit whatever evidence he or she wishes, but a Court will ignore that evidence if the wording of the relevant organizational document is clear for the relevant point.

14. Based on the above principles, the following results obtain.

3

15. A Liechtenstein court would reject the plaintiffs' claim that Majid Karoon intended that all funds he contributed to the foundation go to the plaintiffs on his death.

    a. The by-laws expressly provide in Art.I par.2 that the foundation's council may "dispose freely of both income and capital of the Foundation in favor of the first beneficiary," i.e. Majid Karoon. The plain meaning of this provision authorizes the distribution of the entirety of the foundation's assets to or as directed by Majid Karoon at anytime during his lifetime. A Liechtenstein court would reject any argument to the contrary.

    b. The by-laws and statutes authorize amendment at any time before Majid Karoon's death. Thus, a Liechtenstein court would conclude that Majid Karoon intended to reserve the right, among others, to replace all or some of the plaintiffs as beneficiaries and/or to increase, decrease or eliminate entirely any provisional allocation.

16. Similarly, a Liechtenstein court would reject an argument that Majid Karoon intended the by-laws to be unalterable.

    a. The by-laws preclude revision after, but not before, Majid Karoon's death. As indicated above, a Liechtenstein court would deem this an enforceable reservation of the right to change.

17. It follows from the above that a Liechtenstein court would reject plaintiffs' argument that they could not be removed and replaced as beneficiaries of the foundation or that any prospective distribution might, during Majid Karoon's lifetime be reduced (or increased) or eliminated entirely on this basis.

I declare under penalties of perjury of the laws of the United States that the foregoing is true and correct.

Dated: Vaduz, Liechtenstein
October 6, 2015

_____
GERHARD R. HOLZHACKER