UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                      :

KAYVAN KAROON and                        :    Case No. 1:15-cv-04643-JPO
KAMRAN KAROON, individually           :
and as Administrators of the Estate        :
of MAJID KAROON, and                  :
MAHIN D. KAROON,                     :
                                                      :
                        Plaintiffs,       :
                                                        :
            - against -                       :
                                                        :
CREDIT SUISSE GROUP AG and           :
CREDIT SUISSE AG,                      :
                                                        :
                        Defendants.     :
                                                        :
-------------------------------------------------------------X


### SUPPLEMENTAL MEMORANDUM OF LAW OF
### CREDIT SUISSE GROUP AG AND CREDIT SUISSE AG
### IN FURTHER SUPPORT OF
### MOTION TO DISMISS THE COMPLAINT


SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone:  (212) 660-3000
Facsimile:   (212) 660-3001

*Attorneys for Defendants*
Credit Suisse Group AG
        and
Credit Suisse AG

**PRELIMINARY STATEMENT**

Plaintiffs have submitted two supplemental affidavits for a single proposition: Majid Karoon was a resident of New York in 1989, the year in which they allege he established a family foundation in Liechtenstein with the assistance of defendants Credit Suisse Group AG ("CSGAG") and Credit Suisse AG ("CSAG"). This naked assertion remains highly suspect. (*See* Reply Mem. at 9-10.) But more significantly, even if true, this proposition is largely irrelevant to the pending motion to dismiss.

- Majid Karoon's 1989 residence is relevant primarily to the "choice of law" question, that is, whether New York or Swiss law applies in this action. Even if New York law applied, however, plaintiffs' claims are all time-barred and therefore must be dismissed.

- Plaintiffs' naked assertion is not probative of any issue concerning CPLR 302, the other reason, we surmise, for which plaintiffs refer to residence. Plaintiffs fail to establish personal jurisdiction over defendants, and the claims must be dismissed on this ground as well.

**ARGUMENT**

**I.    Choice of Law**

As established in defendants' reply memorandum, New York applies a "center of gravity" or "group of contacts" analysis to determine what law applies to contract claims. *Globalnet Financial.com v. Frank Crystal & Co.*, 449 F.3d 377, 383 (2d Cir. 2006). The relevant factors in the analysis include "[1] the place of contracting, negotiation and performance; [2] the location of the subject matter of the contract; and [3] the domicile of the contracting parties." *Id*. (internal quotation omitted).

"<u>The place of contracting, negotiation and performance</u>."  Bank Leu was located in Switzerland and allegedly performed the contract from Switzerland.  Majid Karoon approached Bank Leu in Switzerland and plaintiffs do not aver that the parties negotiated the contract anywhere other than Switzerland.

As fully explained in defendants' opening and reply memoranda, the plaintiffs rely on a single document for their assertion that Bank Leu contacted Majid Karoon in New York.  That document is a draft copy of the trust By-Laws.  (Complaint Exhibit F.)  But plaintiffs ignore that document's fax header which demonstrates (a) that teletransmission occurred in 1998 – nine years after the trust was allegedly established – and (b) that the teletransmission was wholly within New York and did not involve Bank Leu.[1]  Further, the only document that reflects Bank Leu's alleged knowledge of any of Majid Karoon's multiple residences is a 1988 letter from Bank Leu addressed to Majid Karoon at his Cannes, France address.  (Complaint Exhibit C.)

"<u>The location of the subject matter of the contract</u>."  The subject matter of the contract – the trust – was located in Liechtenstein; this factor is thus neutral.

"<u>The domicile of the contracting parties</u>."  Plaintiffs accept that Bank Leu's domicile was Switzerland.  They do not allege Majid Karoon's domicile. Instead they now allege that Majid Karoon was a New York resident.  That single "fact" – Majid Karoon's alleged residence – is outweighed by the many other connections with Switzerland.  Swiss law thus applies to plaintiffs' contract claim.

Plaintiffs' tort claims are scrutinized under an "interest analysis;" and the relevant factors are the parties' domiciles and the locus of the tort.  *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197 (1985).  "[W]hen the conflicting rules involve the appropriate standards of conduct ...

---

[1] The telephone numbers used are those of a New York psychiatrist and a real estate office.  (*See* Reply Mem. at 8 n.5.)

law of the place of the tort 'will usually have a predominant, if not exclusive, concern.'" *Id*. at 198 (quoting *Babcock v. Jackson*, 12 N.Y.2d 473, 483, 240 N.Y.S.2d 743 (1963).

As noted, plaintiffs make no allegation with respect to Majid Karoon's domicile. Rather they now allege that in 1989 Majid Karoon had a New York residence. That new allegation does not change the outcome of the interest analysis, which favors the application of Swiss law. Bank Leu was located in Switzerland where, plaintiffs allege, it was engaged by Majid Karoon to help create a family trust in Liechtenstein. If Bank Leu misperformed in the discharge of that undertaking, that misperformance occurred in Switzerland and not New York. As defendants demonstrated in their reply memorandum, the torts that plaintiffs allege "challenge the integrity of defendants' conduct" and thus the law of the place of the tort has a predominant concern. *Sussman v. Bank of Israel*, 801 F. Supp. 1068, 1075 (S.D.N.Y. 1992). Because any alleged tort took place in Switzerland, Swiss law applies to plaintiffs' tort claims as well.

Finally, plaintiffs' residence is relevant to the issue of whether CPLR 202, New York's "borrowing" statute, applies. Defendants demonstrated in their opening and reply memoranda that all of plaintiffs' claims are time-barred under either New York or Swiss law and that the discovery rule and equitable tolling do not apply. (*See* Opening Mem. at 9-12; Reply Mem. at 16-20.) Therefore, even if New York's borrowing statute does not apply and New York's statutes of limitations control, plaintiffs' claims are still untimely and must be dismissed.

**II.     Personal Jurisdiction Under CPLR 302**

While plaintiffs' supplemental affidavits assert that Majid Karoon was a New York resident in 1989, they shed no light on the question that matters: did Bank Leu knowingly reach out to a New York resident to do business with him and thereby purposefully avail itself of the privilege of doing business in this State. Plaintiffs' pleading proves the answer is no.

4

As noted above the only document that reflects Bank Leu's knowledge of Majid Karoon's residences (any of them) is the letter addressed to him in Cannes (where plaintiffs now concede they maintained a home in 1989, *see* Supp. Aff. ¶ 6).  And the other document touching New York, the draft By-Laws (a) was faxed in 1998, long after the alleged wrongdoing; and (b) was not faxed from Bank Leu, but instead from one New York number to another.

Finally, even if plaintiffs could establish that Bank Leu knew that Majid Karoon was a New York resident in 1989 and that Bank Leu then faxed a document to him in New York (rather than nine years later), plaintiffs' allegations fail to establish purposeful availment on the part of Bank Leu.  (*See* Reply Mem. at 10-11.)  The alleged faxing of documents to New York is insufficient to establish purposeful availment, *Semi Conductor Materials, Inc. v. Citibank Int'l PLC*, 969 F. Supp. 243, 246 (S.D.N.Y. 1997), and the provision of services from Switzerland to create a trust in Liechtenstein does not constitute purposeful availment of the privilege of doing business in New York.  *Eastboro Found. Charitable Trust v. Penzer*, 950 F. Supp. 2d 648, 659 (S.D.N.Y. 2013)

## CONCLUSION

For all the above reasons, the Court should dismiss the complaint.

Dated: New York, New York
       November 10, 2015

SULLIVAN & WORCESTER LLP

By: /s/Michael T. Sullivan
    Michael T. Sullivan

1633 Broadway, 32nd Floor
New York, New York 10019
Telephone:  (212) 660-3000
Facsimile:   (212) 660-3001

*Attorneys for Defendants*