UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAYVAN KAROON and KAMRAN KAROON, individually and as Administrators of the Estate of MAJID KAROON, and MAHIN D. KAROON,

Plaintiffs,

-v-

CREDIT SUISSE GROUP AG and CREDIT SUISSE AG,

Defendants.

15-CV-4643 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Kayvan Karoon, Kamran Karoon, and Mahin Karoon (collectively, "the Karoons") bring suit against Defendants Credit Suisse Group AG and Credit Suisse AG (collectively, "Credit Suisse Defendants") alleging breach of fiduciary duty, breach of contract, fraud, and negligence. The Credit Suisse Defendants move to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 18.) For the reasons that follow, the motion is granted under Rule 12(b)(2).

## I. Background

Kamran and Kayvan Karoon are the children of Majid Karoon, who died in 2002. (Dkt. No. 1 ("Compl.") ¶¶ 1, 2, 23; *see also* Dkt. No. 18 ("Def.'s Mot.") at 3.) Mahin Karoon is Majid Karoon's ex-wife. (Compl. ¶ 3.) Between 1987 and 1989, Majid Karoon created a trust called the Orleon Foundation (the "Foundation") in the Principality of Liechtenstein. (Compl. ¶ 10-17.) Majid Karoon allegedly intended the Foundation's assets to be distributed to the Karoons upon his death. (Compl. ¶ 22.) He transferred "$70 to $100 million, and perhaps more," to the Foundation during his lifetime. (Compl. ¶¶ 20, 22.)

Majid Karoon created the Foundation with the help of employees at Bank Leu AG ("Bank Leu"), a Swiss bank. (Compl. ¶ 7.) In 1990, Credit Suisse Group AG ("Credit Suisse Group") acquired the majority of shares in Bank Leu.[1] (Compl. ¶ 7; Dkt. No. 20 ¶ 9.) In 2007, Bank Leu "reorganized as a private bank known as Clariden Leu," and then merged with Credit Suisse AG ("Credit Suisse"). (Compl. ¶ 7.) The Karoons allege that the Credit Suisse Defendants assumed Bank Leu's liabilities in the merger. (Compl. ¶ 8.)

Bank Leu employees drafted organizational documents related to the Foundation for Majid Karoon. (Compl. ¶¶ 10-18.) Beyond stating that Bank Leu was "headquartered in Zurich," the Complaint does not state where this legal work occurred. (Compl. ¶ 7, 10.) In opposition to the Motion to Dismiss, the Karoons aver that Majid Karoon maintained a permanent residence in New York, as well as residences in France and London, at the time that he established the Foundation. (Dkt. No. 28 ("Pl.'s Opp.") at 19-20; *see also* Dkt. No. 40 ¶ 6.) The Karoons allege that "Bank Leu faxed the By-Laws of the Trust to Majid Karoon in New York." (Pl.'s Opp. at 19.)

The Karoons contend that Bank Leu "failed to properly establish the [Foundation]," and as a result, breached a contractual and fiduciary duty to ensure that the Foundation's assets were distributed to Majid Karoon's beneficiaries upon his death. (Compl. ¶ 39.) They assert claims for negligence, fraud, breach of contract, and breach of fiduciary duty. The Credit Suisse Defendants move to dismiss for lack of personal jurisdiction, failure to state a claim upon which

[1] While the Complaint refers to both defendants collectively as "Credit Suisse," Defendants are two distinct entities: Credit Suisse Group, a publicly traded holding company; and Credit Suisse, a separately established bank and wholly owned subsidiary of Credit Suisse Group. (Def.'s Mot. at 7; Dkt. No. 20 ¶¶ 3, 9.) For clarity, this opinion refers to the holding company as Credit Suisse Group and the bank as Credit Suisse. The Court refers to Defendants collectively as the Credit Suisse Defendants.

relief can be granted, and under the doctrine of forum non-conveniens. They also argue that the Karoons lack standing and that their claims are time-barred under both Swiss and New York law. Because the Court concludes that it lacks personal jurisdiction over the Credit Suisse Defendants, it need not, and does not, reach the other grounds for dismissal.

## II. Legal Standard

"[T]he plaintiff bears the burden of establishing personal jurisdiction." *Cortlandt Street Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-CV-01568, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (Oetken, J.) (quoting *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)) (alteration in original). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over all defendants. *Id.* A *prima facie* case for personal jurisdiction involves three elements: "(1) proper service of process upon the defendant; (2) a statutory basis for personal jurisdiction; and (3) accordance with constitutional due process principles." *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) (Oetken, J.) (citations and internal quotation marks omitted).

Plaintiffs can make such a showing through the submission of affidavits and supporting materials that contain "an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Cortlandt*, 2015 WL 5091170, at *2 (quoting *S.N. Eng. Tel. Co. v. Glob. NAPS, Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)). However, the Court need not accept as true allegations controverted by the defendant's affidavits, *MacDermid*, 702 F.3d at 727, nor need it accept "a legal conclusion couched as a factual allegation." *Cortlandt*, 2015 WL 5091170, at *2 (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)). As a general rule, "conclusory non-fact-specific jurisdictional allegations" are insufficient to

overcome a motion to dismiss for lack of personal jurisdiction. *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 321 (S.D.N.Y. 2013) (quoting *Jazini*, 148 F.3d at 185).

Courts may exercise either specific or general jurisdiction over a defendant. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). "General jurisdiction renders a defendant amendable to suit on all claims." *Cortlandt*, 2015 WL 5091170, at *2 (citations omitted). Specific jurisdiction subjects a defendant to suit only on claims that "arise from conduct related to the forum." *Id.* In diversity cases, "the breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." *Reich*, 38 F. Supp. 3d at 454 (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006) (alterations omitted)). To determine whether it has personal jurisdiction, the Court thus looks to the laws of the State of New York. The Court then considers whether the exercise of personal jurisdiction is consistent with due process. *See Daimler*, 134 S. Ct. at 751.

## III. Discussion

### A. General Jurisdiction

Under New York law, "a foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business' in the state." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F. 3d 88, 95 (2d Cir. 2000) (citation omitted). A corporation is "doing business" in New York when it conducts business in the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* (citation omitted). Plaintiffs who make a showing of such sustained business activity satisfy the requirements of New York law. *Cortlandt*, 2015 WL 5091170, at *3.

However, to establish general jurisdiction, a plaintiff must also satisfy the requirements of the Due Process Clause. *Daimler*, 134 S. Ct. at 751. As this Court and others have noted, "it

is uncertain if New York's 'doing business' jurisdiction remains viable in light of *Daimler*." *Cortlandt*, 2015 WL 5091170, at *3 (citing *Reich*, 38 F. Supp. 3d at 454-55 (collecting cases)); *see also Sonera Holding B.V. v. Cukorova Holding A.S.*, 750 F.3d 221, 224 n.2 (2d Cir. 2014); *SPV OSUS Ltd. v. UBS AG*, No. 14-CV-9744, 2015 WL 4394955, at *4 (S.D.N.Y. 2015) (Rakoff, J.). "[G]eneral jurisdiction extends beyond an entity's state of incorporation and principal place of business only in the exceptional case where its contacts with another forum are so substantial as to render it 'at home' in that state." *Sonera Holding*, 750 F.3d at 223. After *Daimler*, there are "very limited circumstances" in which a corporation's contacts with a state are sufficient to satisfy this test. *Cortlandt*, 2015 WL 5091170, at *3 (noting that a cabined conception of general jurisdiction "protect[s] the liberty interests of defendants [and] provid[es] them with 'fair warning'").

The Karoons allege that "Credit Suisse does business in New York through four different office locations," and thus, is "at home" in the state. (Compl. ¶ 4.) Defendants respond that the Credit Suisse Defendants are in fact two distinct entities: Credit Suisse Group, a holding company; and Credit Suisse, a separately established bank. (Def.'s Mot. at 7.) They aver that only the bank has a branch in New York, at one location with approximately 100 employees. (*Id.*) Credit Suisse Group—the holding company—has neither offices nor employees in New York; instead, it conducts business in the United States through subsidiaries. (*Id.*; *see also* Dkt. No. 20 ¶ 7.) Both of the Credit Suisse Defendants are incorporated under Swiss law and each maintains its principal place of business in Zurich. (Def.'s Mot. at 6.)

The Court concludes that it lacks general jurisdiction over the Credit Suisse Defendants. The Karoons have alleged, at most, that one of the two Defendants is engaged in continuous business in New York. These allegations are insufficient to establish general jurisdiction after

*Daimler*. *SPV OSUS*, 2015 WL 4394955, at *4 ("[T]he contacts alleged by plaintiffs amount to 'a substantial, continuous, and systematic course of business,' which the Supreme Court expressly held to be insufficient in *Daimler*.") (quoting *Daimler*, 134 S. Ct. at 760). The Karoons have not pleaded facts or presented affidavits establishing that this is the "'exceptional case' in which a corporation is 'essentially at home' in a foreign forum." *Id.* (citing *Daimler*, 134 S. Ct. at 761 n.19). Accordingly, exercising general jurisdiction would violate due process.

**B. Specific Jurisdiction**

"Specific jurisdiction requires a connection between the forum and the underlying controversy, most often 'activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Cortlandt*, 2015 WL 5091170, at *5 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). The Karoons contend that the Credit Suisse Defendants are subject to specific jurisdiction under New York's long-arm statute, N.Y. C.P.L.R. ("CPLR") § 302(a).

CPLR § 302(a) permits a court to exercise personal jurisdiction in cases where a non-domiciliary: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state that causes injury to person or property within the state; or (4) owns, uses, or possesses any real property situated within the state.[2] *Id.* The Karoons assert that the Credit Suisse Defendants are subject to specific jurisdiction under each of these subsections. With respect to

[2] Subsection (3) of CPLR § 302(a) applies only where the defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *Id.* at § 302(a)(3). Subsections (2) and (3) contain specific exceptions for "cause[s] of action for defamation of character arising from the [tortious] act." *Id.* at § 302(a)(2)-(3).

subsection (1), they argue that Bank Leu transacted business in New York because it "knew it was dealing with a New York resident" and "faxed the By-Laws of the Trust to Majid Karoon in New York." (Pl.'s Opp. at 19.) With respect to subsection (2), they argue that Bank Leu committed a tort in New York. (*Id.* at 21.) As to subsection (3), they argue that Bank Leu's tortious conduct outside the state, in either Liechtenstein or Zurich, injured them in New York. (*Id.* at 21.) Finally, the Karoons contend that "Credit Suisse AG undeniably uses real property within the State of New York," and thus, is subject to specific jurisdiction in this case. (*Id.* at 22.)

None of these arguments prevails. To establish that Bank Leu "transacted business" in New York for the purpose of § 302(a)(1), the Karoons must make a *prima facie* showing that the "defendant[s'] activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007) (citations omitted). Purposeful activities are "volitional acts" by which "a defendant avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *People ex rel. Schneiderman v. Orbital Pub. Grp., Inc.*, 21 N.Y.S. 3d 573, 580 (N.Y. Sup. Ct. 2015) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604, 607 (N.Y. 1967)) (internal quotation marks omitted). Not all purposeful activity "constitutes a 'transaction of business' within the meaning of [§ 302(a)(1)]." *Fischbarg,* 880 N.E.2d at 26. Instead, to determine whether the long-arm statute applies, the court looks to "the nature and quality" of the defendant's business contacts in New York. *Id.* at 28.

The alleged business contacts in New York are limited and attenuated from the core events at issue. The Karoons contend that "Bank Leu directed its activities toward Majid Karoon in New York" and that Bank Leu employees "knew that the beneficiaries" of the Foundation

resided in New York. (Pl.'s Opp. at 19.) To support these allegations, they cite two documents attached to the Complaint: a letter from Bank Leu to Majid Karoon in August of 1988; and a fax transmission of the Foundation's by-laws. (*See* Compl. ¶¶ 21-23, 32-34.) But the letter in question is addressed to Majid Karoon's address in France, not New York, and the fax transmission bears a time stamp dated March 26, 1998, more than eight years after the operative events. (*Id.*; Dkt. No. 35 ("Def.'s Reply") at 8 n.5.) The fax header also lists two New York telephone numbers, rather than any number outside New York. Defendants argue that the fax was, in fact, a transmission within New York in 1998 between a property management company and a psychiatrist. (Def.'s Reply at 8 n.5.)

Even assuming that Defendants' contention is false, and accepting as true the allegation that Bank Leu sent the fax to Majid Karoon years earlier than the time stamp indicates, the full extent of the alleged contact between Bank Leu and this forum would still be one document sent at some point between 1987 and 1989. Beyond identifying that fax, the Karoons present only "conclusory non-fact-specific jurisdictional allegations." *Jazini*, 148 F.3d at 185. These allegations are insufficient to establish specific jurisdiction under § 302(a)(1). *See Eastboro Found. Charitable Tr. v. Penzer*, 950 F. Supp. 2d 648, 663 (S.D.N.Y. 2013) ("New York courts decline to base the exercise of personal jurisdiction on the mere fact that an attorney's client was a New York resident where, as here, New York law was not implicated and the representation had no connection to New York."); *Mirman v. Feiner*, 900 F. Supp. 2d 305, 314 (E.D.N.Y. 2012) (determining that jurisdiction did not exist under § 302(a)(1) where a defendant provided services to a New York resident plaintiff "by correspondence from Connecticut").

The Karoons' allegations are also inadequate as a matter of due process, which requires a meaningful connection between the forum and defendant's "suit-related conduct." *Walden v.*

*Fiore*, 134 S. Ct. 1115, 1121 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."); *see also 7 West 57th Street Realty Co., LLC v. Citigroup, Inc.*, No 13-CV-981, 2015 WL 1514539, at *10 (S.D.N.Y. Mar. 31, 2015) ("[D]ue process requires more for the exercise of personal jurisdiction. The Foreign Banks' suit-related conduct must tie them to New York *itself,* not just to a plaintiff who happens to reside in New York." (citing *Walden*, 134 S.Ct. at 1121-22)). Ultimately, even assuming the truth of all their allegations, the Karoons have not pleaded a *prima facie* case for specific jurisdiction § 302(a)(1), nor have they established that the exercise of personal jurisdiction is consistent with the Due Process Clause.

The Karoons argue, in the alternative, that the Credit Suisse Defendants are subject to specific jurisdiction under CPLR §§ 302(a)(2) and (3), which address tortious conduct. They first argue that Credit Suisse committed a tort in New York because their cause of action "accrued" in the state under the borrowing statute, CPLR § 202. *See Norex Petroleum v. Blavatnik*, 23 N.Y.3d 665, 668 (2014). This argument conflates analysis of the borrowing statute, which governs the statute of limitations in tort cases, with consideration of long-arm jurisdiction. *See Gordon Grp. Inv., LLC v. Kugler*, No. 6507952009, 2012 WL 10007029, at *12 (N.Y. Sup. July 27, 2012), *aff'd as modified*, 115 A.D.3d 433 (N.Y. Ct. App. 2014) ("[The standard for application of CPLR § 202] is a different standard than the situs of injury for purposes of long-arm jurisdiction under CPLR § 302(a)(3), where the focus is on the tortious activity of the defendant and not the economic impact to the plaintiff."). Under Second Circuit precedent, the exercise of specific jurisdiction under CPLR § 302(a)(2) requires a tortfeasor to be physically present in New York. *Thackurdeen v. Duke Univ.*, No. 14-CV-6311, 2015 WL 5155890, at *9 (S.D.N.Y. Sept. 2, 2015) (Nathan, J.) ("[T]he Second Circuit continues to adhere

to the traditional . . . rule" requiring physical presence in New York for jurisdiction under § 302(a)(2) (collecting cases)). The Karoons do not allege that Bank Leu was ever in New York. Thus, their first argument fails.

The Karoons' second argument is that Bank Leu acted outside New York but injured them here, triggering specific jurisdiction under § 302(a)(3). "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction . . . generally apply a situs-of-injury test." *Alzal Corp. v. Emporio Motor Grp., LLC*, No. 13-CV-2636, 2013 WL 3866633, at *3 (S.D.N.Y. July 26, 2013) (citation omitted). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by plaintiff." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (citation omitted). Under Second Circuit precedent, "[t]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *Id.* (citation omitted). The Karoons allege that they suffered financial injury in New York as a result of Bank Leu's tortious conduct in Liechtenstein and Zurich. These allegations are plainly insufficient to sustain personal jurisdiction under § 302(a)(3). *See Alzal Corp.*, 2013 WL 3866633, at *3 (noting that, where the alleged injury is financial, "[s]imply pleading that a New York domiciliary was harmed does not satisfy the situs-of-injury test").

The Karoons' final argument is that Credit Suisse "rents office space at 11 Madison Avenue in New York," and thus, is subject to specific jurisdiction under § 302(a)(4). "Similar[ly] to personal jurisdiction requirements under Section 302(a)(1), to allege personal jurisdiction over a non-domiciliary defendant under Section 302(a)(4), a plaintiff must demonstrate 'a relationship between the property and the cause of action sued upon.'" *Stroud v.*

*Tyson Foods, Inc.*, 91 F. Supp. 3d 381 (E.D.N.Y. 2015) (citing *Lancaster v. Colonial Motor Freight Line, Inc.*, 581 N.Y.S. 283, 288 (N.Y. App. Div. 1992)). The Karoons have not demonstrated any relationship between Credit Suisse's New York office and their cause of action, which arises from Bank Leu's conduct more than a decade ago in connection with a Foundation in Liechtenstein. Accordingly, the exercise of jurisdiction under § 302(a)(4) is not warranted in this case.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is GRANTED, and the complaint is hereby dismissed for lack of personal jurisdiction over the defendants.

The Clerk of Court is directed to close the motion at docket number 17 and to close this case.

SO ORDERED.

Dated: February 29, 2016
New York, New York

J. PAUL OETKEN
United States District Judge